﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190103-2427
DATE: December 31, 2019

ORDER

Service connection for obstructive sleep apnea (OSA) is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, his OSA is at least as likely as not related to his active service.

CONCLUSION OF LAW

The criteria for service connection for OSA have been met. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from October 1967 to December 1988. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55, 131 Stat. 1105, also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

He selected the Higher-Level Review lane when he submitted the RAMP election form in July 2018. Accordingly, the October 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board of Veterans’ Appeals (Board) and requested the Hearing review option, a process in which the Veteran is afforded a hearing before a Board Veterans Law Judge (VLJ) or Acting Veterans Law Judge (AVLJ) and is allowed to submit additional evidence for the Board to consider within 90 days of the Board hearing. Accordingly, in September 2019, the Veteran appeared and provided testimony. 

In the November 2017 legacy rating decision on appeal, the Agency of Original Jurisdiction (AOJ) found that new and material evidence was received sufficient to reopen the claim for service connection for sleep apnea. This new and material evidence standard was higher than the current AMA new and relevant evidence standard needed to readjudicate a claim for service connection. 38 C.F.R. §§ 3.2501(a)(1), 19.2. Thus, it encompasses a decision that new and relevant evidence was received. The Board is bound by this favorable finding, and a decision of whether the claim should be readjudicated is not needed. 38 C.F.R. § 3.104(c).

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. Service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

The Veteran is seeking service connection for OSA. His private treatment records show that he has a current diagnosis of sleep apnea, which he has had throughout the entire appeal period. Thus, the current disability prong of this claim for service connection has been met.

Further, the Veteran testified before the Board that, prior to entering active service, he never experienced sleep issues like gasping for air in his sleep or loud snoring. In active service, however, he noticed that his ship mates were regularly kicking his rack while he slept, waking him and asking if he was okay because he audibly had breathing issues when he slept. He would also wake with headaches in the morning and be extremely tired during the day and often fell asleep on duty. It was not until he was eventually diagnosed with sleep apnea that he even realized that he was experiencing symptoms of a diagnosable disorder. His headaches were relieved once he was given a CPAP machine to treat his sleep apnea. Further, the Veteran’s wife testified at the September 2019 Board hearing that she married the Veteran four years into his active service and immediately noticed that he would stop breathing in his sleep and that he was always tired. She also recalled that he would complain about headaches until he was issued a CPAP machine.

The Veteran also submitted a written witness statement from a fellow servicemember and shipmate, C.L., dated in January 2016. C.L. reported that he shared a berthing space with the Veteran in active service aboard the U.S.S. Prairie. During this time, he saw and heard the Veteran snore severely and then gasp for breath often in his sleep.

Such symptoms reported to have been observed by the Veteran’s wife and fellow servicemember are consistent with those of sleep apnea. Thus, the evidence supports a finding that the Veteran’s OSA symptomatology began in service. Both the Veteran, his wife, and C.L. are competent to report what they have experienced through their senses, and the Board has no reason to question the credibility of their reports regarding the timeline of his symptomatology onset. The Board acknowledges that November 2017 and February 2016 VA examiners declined to state that the Veteran’s OSA began during service, but they based their findings on the lack of medical evidence of the condition during service, the length of time between the Veteran’s separation from service and being diagnosed with OSA, and evidence of the Veteran’s post-service weight gain, and they completely disregarded the Veteran’s, the Veteran’s wife’s, and C.L.’s lay statements. Affording the benefit of the doubt to the Veteran, the Board finds that he has been experiencing symptoms of OSA since service. Thus, service connection is warranted for his sleep apnea, as it is a current disability which was onset during his active service.

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Davidoski, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.